Matter of Lynch (2024 NY Slip Op 03012)

Matter of Lynch

2024 NY Slip Op 03012

Decided on June 04, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter H. Moulton,J.P.,
David Friedman
Saliann Scarpulla
Julio Rodriguez III
Bahaati E. Pitt-Burke, JJ.

Motion No. 2024-00774 Case No. 2022-00416 

[*1]In the Matter of Luke D. Lynch, Jr., a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Luke D. Lynch, Jr. (Admitted as Luke Daniel Lynch, Jr.) (OCA ATTY. REG. NO. 2250066), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Luke D. Lynch, Jr., was admitted, as Luke Daniel Lynch, Jr., to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 19, 1970.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City (Vitaly Lipkansky, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

PER CURIAM 

Respondent Luke D. Lynch was admitted, as Luke Daniel Lynch, Jr., to the practice of law in the State of New York by the Second Judicial Department on June 19, 1970, under the name Luke Daniel Lynch, Jr. At all times relevant to this proceeding, respondent maintained a registered business address within the First Judicial Department.
By order entered May 31, 2022, in accordance with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2) and (5), the Court immediately suspended respondent from the practice of law for his failure to supervise his law firm's operating and escrow accounts. His lack of oversight resulted in the commingling of approximately $2.8 million in client funds and the misappropriation of $1 million in settlement funds. (Matter of Lynch, 206 AD3d 70 [1st Dept 2022]). Respondent remains suspended.
Respondent now seeks an order accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. In his affidavit of resignation, respondent acknowledges that he is the subject of disciplinary charges pending before this Court and that he cannot successfully defend against the charges. Respondent notes that the investigation does not include allegations that he willfully misappropriated or misapplied money or property. Nevertheless, respondent acknowledges that his oversight over his law firm's finances was inadequate as an ethical matter of professional responsibility.
Respondent also acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Respondent further acknowledges that his resignation is freely and voluntarily rendered, that he has not been subject to coercion or duress and that he is fully aware of the implications of the tender of resignation. The Attorney Grievance Committee supports respondent's affidavit of resignation, which complies with the requirements set forth in 22 NYCRR 1240.10.
Accordingly, the motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors at-law in [*2]the State of New York, effective nunc pro tunc to January 30, 2024.
All concur.
It is Ordered that the application of respondent to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted and respondent, Luke D. Lynch, admitted as Luke Daniel Lynch, Jr., is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 30, 2024; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Luke D. Lynch, Jr., admitted as Luke Daniel Lynch, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Luke D. Lynch, Jr., admitted as Luke Daniel Lynch, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Luke D. Lynch, Jr., admitted as Luke Daniel Lynch, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 4, 2024